

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2002

# Fahlfeder v. Varner

Precedential or Non-Precedential:

Docket 0-2227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Fahlfeder v. Varner" (2002). *2002 Decisions.* Paper 109.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/109

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-2227


RONALD C. FAHLFEDER,


Appellant


v.


BEN VARNER, Superintendent;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA



Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 99-cv-02185)
District Judge: Honorable Sylvia H. Rambo


Argued November 26, 2001

Before: ROTH, FUENTES and WEIS, Circuit Judges

(Memorandum Opinion filed:  February 7, 2002)


Stephen F. Becker, Esquire (Argued)
Shapiro & Becker
114 Market Street
Lewisbrug, PA  17837

    Attorney for Appellant


Frank G. Fina, Esquire (Argued)
D. Peter Johnson, Esquire
District Attorney of Union County
Union County Courthouse
103 South 2nd Street
Lewisburg, PA  17837

    Attorneys for Appellees

MEMORANDUM OPINION


ROTH, Circuit Judge:

This habeas appeal challenges a guilty plea that Petitioner–Appellant Ronald C. Fahlfeder entered in the Court of Common Pleas of Union County, Pennsylvania. Fahlfeder pled guilty to several counts of sexual abuse of children. He was later sentenced to an aggregate sentence of not less than 24 « years or more than 70 years in prison.

At Fahlfeder's plea colloquy, the trial judge fully explained the terms of the guilty plea to Fahlfeder. The court told Fahlfeder that under his plea he was subject to up to 70 years in prison, and Fahlfeder confirmed that he understood what the court told him. Appendix, Vol. 2, p. 33    The District Court denied Fahlfeder's petition for a writ of habeas corpus on July 11, 2000. Fahlfeder filed a timely appeal, and this Court granted a certificate of appealability on the following issue: whether there was ineffective assistance of counsel resulting in an involuntary plea.

We reject Fahlfeder's ineffective assistance claim and affirm the District Court. Federal habeas relief from a state court decision is available only if that decision "was contrary to, or rested on an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 384–90 (2000). Under this standard, Fahlfeder is not entitled to habeas relief.

An ineffective assistance claim brought under the Sixth Amendment requires two showings: First, that counsel's performance was constitutionally deficient, and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court has held that the same two–part test applies to ineffective assistance claims arising out of the plea process. Hill v.Lockhart, 474 U.S. 52, 57–58 (1985).

On appeal, Fahlfeder claims that he had deficient representation because his lawyer misrepresented and misunderstood the length of sentence permitted by Fahlfeder's

plea agreement.  Whatever the merits of this argument, Fahlfeder's ineffective assistance claim must fail because it does not meet the second prong under Strickland:  The record of the plea colloquy makes clear that Fahlfeder was not prejudiced by counsel's performance.  Regardless of whether Fahlfeder's lawyer told him that his sentence would be shorter, the colloquy establishes that the court fully informed Fahlfeder of the longer sentence when he entered his plea and that Fahlfeder acknowledged he understood what was being told to him.  There is nothing to suggest that Fahlfeder would have declined the plea if his lawyer had provided the same information as the court about the length of the sentence.  Thus, Fahlfeder has not established a reasonable probability that he would not have pled guilty but for counsel's errors.  Hill v.Lockhart, 474 U.S. 52, 59 (1985).

For these reasons, as well as the more lengthy explanation set forth in the District Court's opinion, we conclude that Fahlfeder's petition for a writ of habeas corpus was correctly denied.  The judgment of the District Court is affirmed.


TO THE CLERK:
    Please file the foregoing Memorandum Opinion.
                            By the Court,


                              /s/   Jane R. Roth
                        Circuit Judge